**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ROBERT CARL HALL | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-15-2991 |
| UNITED STATES OF AMERICA | * | |
| Defendant | * | |
| | *** | |

<u>**MEMORANDUM**</u>

The above-entitled case was filed on October 1, 2015, together with a motion to proceed in forma pauperis.  ECF 2.  Because he appears to be indigent, plaintiff's motion shall be granted.

Plaintiff Robert Carl Hall ("Hall") alleges that on March 20, 2015, he filed a notice of intent to sue pursuant to the Federal Tort Claims Act (FTCA) with the Central Intelligence Agency (CIA).  ECF 1 at p. 2.  He states he has not received a response from the agency.  *Id*. Hall's claim against the CIA is that "on or about 1953, the year of [his] birth, the CIA arbitrarily and capriciously singled [him] out to be the lifelong subject of a real world Human Testing Program."  *Id*. at p. 4.  Hall alleges he was targeted in this manner due to his race and that he is not compensated for his participation in the program.  *Id*.  Hall claims that the CIA has denied him the right to lead a "normal  productive life" which he is guaranteed by the Constitution and 42 U.S.C. §1985.  *Id*.  Hall further claims he is entitled to a waiver of any applicable statute of limitations because "from at least 1997 and continuously [he] has been subjected to abuses, torture, depravity, isolation and psychological force that foreclosed his access to court."  *Id*. at p. 3. Hall seeks 30 million dollars in damages and an injunction requiring "rehabilitation of Army DD214 discharge," expungement of all criminal records, the return of unspecified personal property, and "back pay benefits that would accrue to employee."  *Id*. at p. 5.

This court is authorized to *sua sponte* dismiss complaints which fail to state a claim under 28 U.S.C. §1915(e)(2).  The instant complaint appears to be premised on an implausible belief or delusion tracing all of Hall's problems in life back to an unspecified, secret governmental program which cannot be established by objective evidence. Notwithstanding the implausibility of the claim, Hall's further assertion that he has been prevented from filing an action in court because of alleged abuse from government employees is patently false.  Hall filed a claim in this court in 2013 regarding an FTCA claim that concerned his allegation that he was improperly denied access to a passport.  *See Hall v. United States of America*, Civ. Action CCB-13-3766 (D. Md.).

A complaint that is totally implausible or frivolous, such as this,  may be dismissed *sua sponte* for lack of subject matter jurisdiction pursuant to Fed  R. Civ. P 12 (b)(1). *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) *cert. denied*, 528 U.S. 1198 (2000); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also  Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative).   Although district courts have a duty to construe self-represented pleadings liberally, plaintiff must nevertheless allege facts that state a cause of action.  *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented).   Here, Hall has failed to allege plausible factual allegations that give rise to even a suspicion that a viable cause of action has accrued in his favor.   Accordingly, by separate order which follows, the complaint shall be dismissed.

October 8, 2015
Date

_____/s/_____
James K. Bredar
United States District Judge